E-FILED on   09/29/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM MARTINEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MIKE MCDONALD, Warden,<br><br>　　　　　Respondent. | No. C-08-05232 RMW<br><br>ORDER GRANTING REQUEST FOR STAY PENDING APPEAL<br><br>**[Re: Docket No. 4]** |

On November 19, 2008, petitioner William Martinez filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 13, 2009, petitioner filed a request for this court to stay the federal proceedings while he exhausts additional claims in state court (Docket No. 4). Petitioner alleges that he intends to exhaust his state remedies regarding counsel of choice. *Id.*

**BACKGROUND**

In December of 2004 a jury found petitioner guilty as an aider and abettor of attempted murder as well as assault with a deadly weapon. Petition at 3-4 (Docket No. 1). He was sentenced to fifteen years to life. *Id.* at 4. After a direct appeal, the California Supreme Court denied review on August 22, 2007. *Id.* Petitioner filed the present federal habeas action on November 19, 2008. In January of 2009, petitioner filed the instant motion to stay.

**DISCUSSION**

Petitioner has filed a motion to stay his fully exhausted petition in order to fully exhaust claims 4 and 5 of his federal petition in state court. Specifically, petitioner states that with respect to claim 4 of his petition, state remedies were not exahusted regarding evidence which did not satisfy the statutory requirements for conviction. As for claim 5, petitioner states that due process violations arising out of the use of gang-related evidence as character evidence were not exhausted. Therefore, petitioner requests a stay of the presently filed petition and subsequent amendment once the new claims are exhausted.

It is well-settled that a district court has the discretion to hold in abeyance a petition containing only exhausted claims. *Calderon v. United States Dist. Court (Thomas)*, 144 F.3d 618, 620 (9th Cir.1998); *Calderon v. United States District Court (Taylor)*, 134 F.3d 981, 988 (9th Cir.1998); *Greenawalt v. Stewart*, 105 F.3d 1268, 1274 (9th Cir.1997). However, the Ninth Circuit has held that its holding in *Taylor* in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." *Taylor*, 134 F.3d at 988 n. 11. Rather, a stay should be granted in exceptional cases only: (1) the claims the petition seeks to pursue must be cognizable under § 2254; (2) there must be a likelihood of prejudice to the petitioner should a stay be denied; and (3) there must be no evidence that the motion for a stay is brought to delay, to vex, or harass, or that the request is an abuse of the writ. *See Fetterly v. Paskett*, 997 F.2d 1295, 1301-02 (9th Cir.1993); *see also Greenawalt*, 105 F.3d at 1274. In addition, a district court cannot stay habeas proceedings indefinitely pending exhaustion in state court as to do so would make this court's compliance with the AEDPA's requirement for prompt resolution of § 2254 petitions impossible.

Here, petitioner's proposed unexhausted claims appear to be potentially cognizable under § 2254. Additionally, the court notes that respondent has yet to file an answer to the petition. Thus, petitioner does not appear to be intentionally delaying this action. Accordingly, petitioner's motion to stay the instant petition (Docket No. 4) is GRANTED. This action is hereby STAYED until thirty days after the California Supreme Court's final decision on petitioner's claims, as set forth below.

United States District Court
For the Northern District of California

**ORDER**

Accordingly, the Court orders as follows:

1. Petitioner's motion for a stay is GRANTED. This action is hereby STAYED while petitioner exhausts his unexhausted claims in the state courts.

2. If petitioner wishes to have this court consider any of his unexhausted claims, he must properly present those claims to the California Supreme Court within thirty days of the date this order is filed. Thereafter, within thirty days of the California Supreme Court's decision, he must file an amended petition in this court setting forth his newly exhausted claims in addition to any previously exhausted claims he still wishes to have this Court consider.

3. The amended petition must include the caption and civil case number used in this order (No. C-08-05232 RMW and the words FIRST AMENDED PETITION on the first page. The amended petition supersedes the original petition, and petitioner may not incorporate material from the prior petition by reference. The amended petition must only include exhausted claims, and it must forth all the claims petitioner wishes this court to consider with sufficient clarity and particularity for respondent to prepare an answer.

4. This stay will be lifted, and this matter will proceed, only upon the filing of the above-described amended petition, or a notice that petitioner has decided to abandon his unexhausted claims and wishes to proceed only with the exhausted claims in the original petition. If petitioner does not take any further action, this case will remain stayed and he will not receive any ruling by the court on his petition.

The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action, and terminate Docket No. 4. This has no legal effect; it is purely a statistical procedure. When petitioner informs the court that exhaustion has been completed the case will be administratively re-opened.

DATED:     09/29/09

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

ORDER GRANTING REQUEST FOR STAY PENDING APPEAL — No. C-08-05232 RMW
3

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Rick Horowitz             rick@rhdefense.com

**Counsel for Defendants:**

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** _____09/29/09_____                        _____JAS_____
                                                     **Chambers of Judge Whyte**