**E-FILED on**   8/6/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM VASQUEZ MARTINEZ,<br><br>       Petitioner,<br><br>    v.<br><br>MIKE MCDONALD, WARDEN, SOLANO STATE PRISON,<br><br>       Respondent. | No. C-08-05232 RMW<br><br>ORDER TO SHOW CAUSE<br><br>**[Re Docket No. 1]** |

    Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court will require respondent to show cause why a writ of habeas corpus should not be granted.

**I. BACKGROUND**

    On December 2, 2004, a jury in Santa Clara County found petitioner guilty as an aider and abettor of attempted premeditated murder, assault with a deadly weapon, and use of a deadly or dangerous weapon during the commission of said offenses and found that all the offenses were committed for the benefit of, or in association with, a criminal street gang. On October 6, 2005, the trial court denied petitioner's motion for a new trial and sentenced petitioner to a term of fifteen (15) years to life. Petitioner appealed to the California Court of Appeal, Sixth Appellate District. On

1 May 25, 2007, the Sixth Appellate District affirmed petitioner's conviction and sentence. On June
2 26, 2007, petitioner filed for review in the California Supreme Court. On August 22, 2007, the
3 California Supreme Court denied review without comment. The instant petition for habeas corpus
4 was filed on November 19, 2008 and was stayed on September 29, 2009 for petitioner to exhaust
5 additional claims in state court. On May 24, 2010, the court lifted the stay.

## II. ANALYSIS

### A. Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Petitioner's Claims

Petitioner claims the following grounds for federal habeas relief: (1) the prosecution violated the Fifth and Fourteenth Amendments to the United States Constitution by failing to preserve exculpatory evidence; (2) petitioner's trial counsel provided ineffective assistance of counsel by failing to lodge a timely request to preserve evidence; (3) the CALJIC 3.02 jury instruction (regarding natural and probable consequences) violated petitioner's due process rights by permitting the jury to convict petitioner of premeditated and deliberate attempted murder without proof of the requisite specific intent; (4) the gang enhancement is not supported by substantial evidence; and (5) the gang evidence introduced violated petitioner's due process rights. The court will require respondent to show cause why a writ of habeas corpus should not be granted.

## III. ORDER

Good cause appearing, the court hereby issues the following orders:

1. The Clerk of the Court shall serve a copy of this order and the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.

2. Respondent shall file with the court, within sixty (60) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer a copy of all portions of the state record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty (30) days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition to the motion within thirty (30) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen (15) days of receipt of any opposition.

DATED:     8/6/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge