IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM VASQUEZ MARTINEZ, | ) | No. C 08-5232 RMW (PR) |
| Petitioner, | ) ) | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING |
| v. | ) ) | PETITIONER'S MOTION TO GRANT THE WRIT AND MOTION FOR AMENDED |
| MIKE MCDONALD, Warden, | ) ) | MOTION FOR JUDGMENT |
| Respondent. | ) ) | (Docket Nos. 29, 31, 32) |

Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. Respondent has moved to dismiss the petition, in part, because one claim is unexhausted and two claims are untimely. Petitioner has filed a statement of non-opposition. Petitioner has also filed a motion to grant the writ of habeas corpus, and an amended motion for judgment.[1] Having reviewed the papers and the underlying record, the court GRANTS respondent's motion to dismiss, and DENIES petitioner's motion to grant the writ, and petitioner's amended motion for judgment.

**DISCUSSION**

I. <u>Motion to Dismiss</u>

On December 2, 2004, petitioner was convicted by jury in Santa Clara County Superior Court for aiding and abetting attempted murder, and related offenses. On October 6, 2005, petitioner

---

[1] Petitioner's request to amend his motion for judgment is granted. (Docket No. 34.)

Order Granting Respondent's Motion to Dismiss; Denying Petitioner's Motions for Default Judgment
P:\pro-se\sj.rmw\hc.08\Martinez232mtd.nonopp

was sentenced to a term of 16 years to life. On May 25, 2007, the California Court of Appeal affirmed. On August 22, 2007, the California Supreme Court denied review.

On November 19, 2008, petitioner, through counsel, filed the instant petition, raising five claims. On January 13, 2009, petitioner requested a stay of proceedings so that he could go back to state court and exhaust Claims 4 and 5, using the procedure outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). On September 29, 2009, the court granted the petitioner's request, and stayed the proceedings. On April 5, 2010, and May 20, 2010, petitioner filed a motion to proceed with the federal petition. On May 24, 2010, the court granted the motion to proceed, and lifted the stay. On August 6, 2010, the court issued an order to show cause to the respondent as to why the petition should not be granted. On August 9, 2010, the court granted counsel for petitioner's motion to withdraw as attorney, allowing the petitioner to proceed pro se.

On May 26, 2011, respondent filed a motion to dismiss the petition, in part. Respondent argues that Claim 2 is unexhausted, and Claims 4 and 5 are untimely. Respondent states that, in the court's September 29, 2009 order granting petitioner's request to stay, the court should have followed the three-step procedure directed by Kelly. That is, the court should have first dismissed petitioner's unexhausted claims before allowing petitioner to exhaust those claims in state court. Then, when petitioner returned to federal court, he should have moved to amend his petition to include the newly-exhausted claims. Under that procedure, petitioner's newly-exhausted claims would be untimely. See King v. Ryan, 564 F.3d 1133, 1141-43 (9th Cir. 2009). Instead, the court stayed the mixed petition, allowing petitioner to exhaust his claims while the court held his mixed petition in abeyance. Although a court can stay a mixed petition under Rhines v. Weber, 544 U.S. 269, 278-88 (2005), here, the court would have had no occasion to do so without first finding "good cause" for failing to exhaust earlier. Although the court did not explicitly give petitioner an opportunity to allege "good cause," a review of the declaration submitted by petitioner's counsel on January 13, 2009, demonstrates no showing of "good cause." (Docket No. 4.)

Nevertheless, on July 14, 2011, petitioner filed a statement of non-opposition to respondent's motion to dismiss as to Claims 2, 4, and 5. Petitioner's statement of non-opposition makes it unnecessary to discuss the propriety of the stay procedure used in this instance. Respondent's motion to dismiss Claims 2, 4, and 5 is GRANTED.

II. <u>Motion to Grant Petition / Amended Motion for Entry of Default Judgment</u>

On August 6, 2010, the court issued an order to respondent to show cause why the petition should not be granted. The order to show cause directed respondent to file an answer or a motion to dismiss on procedural grounds, in lieu of an answer. Thereafter, the court granted four timely requests for an extension of time to file a response. On May 26, 2011, respondent filed a timely motion to dismiss. On June 8, 2011, petitioner filed a motion to grant the petition for habeas corpus. On July 25, 2011, petitioner filed a motion for judgment on the petition. On October 11, 2011, petitioner filed a request to amend his motion for judgment to include default on the petition. All three pleadings read together generally move for a default judgment against respondent for failing to file an answer as directed by the court.

Default judgments are generally disfavored and "[c]ases should be decided upon their merits whenever reasonably possible." <u>Eitel v. McCool</u>, 782 F.2d 1470, 1472 (9th Cir. 1986). Moreover, respondent timely filed a motion to dismiss on procedural grounds, in lieu of an answer, as directed. Accordingly, petitioner's motions for a default judgment are DENIED.

**CONCLUSION**

Respondent's motion to dismiss is GRANTED. Claims 2, 4, and 5 are DISMISSED.

Respondent shall file with the court and serve on petitioner, within ninety days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of the date the answer is filed.

It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Order Granting Respondent's Motion to Dismiss; Denying Petitioner's Motions for Default Judgment
P:\pro-se\sj.rmw\hc.08\Martinez232mtd.nonopp     3

1   The clerk is directed to terminate the docket numbers 29, 31, and 32.

2   **IT IS SO ORDERED.**

3   DATED:  _____        *Ronald M. Whyte*
                                      RONALD M. WHYTE
4                                     United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM VASQUEZ MARTINEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>MIKE MCDONALD et al,<br><br>    Defendant. | Case Number: CV08-05232 RMW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 17, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William Vasquez Martinez F00355
Pelican Bay State Prison
Housing C4 #219
P.O. Box 7500
Crescent City, CA 95532

Dated: November 17, 2011

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk